IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO D. FLETCHER-BEY,

    Plaintiff,

v.

ANTHONY WILLS, ALISA DEARMOND,
JILLIAN CRANE, JOLEEN KLUMP, and
JOHN DOE #'s 1-4,

    Defendants.

Case No. 23-cv-3514-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Antonio D. Fletcher-Bey, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, originally filed this action in the Circuit Court of Madison County, Illinois, alleging that the defendants were deliberately indifferent to his serious medical needs. On October 27, 2023, Defendants Alisa Dearmond and Jillian Crane removed this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 (Doc. 1, p. 1). On November 7, 2023, Fletcher-Bey filed a motion for leave to amend (Doc. 6) requesting that his state court complaint and motion for temporary restraining order("TRO")/preliminary injunction be construed as a Section 1983 Complaint. The Court will grant the motion to amend (Doc. 6) and review his original state court pleading (Doc. 1-2).

Fletcher-Bey also filed several status reports with updates as to the current state of his medical care (Docs. 10, 11, 12). To the extent he seeks to amend his Complaint with these filings, the Court does not accept piecemeal amendments to the Complaint, and Fletcher-Bey would need to file an Amended Complaint to include these allegations. But to the extent Fletcher-Bey seeks

1

to have the additional allegations considered as part of his motion for TRO, the Court will consider the notices as supplements to his request for injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

The Complaint makes the following allegations: Fletcher-Bey suffers from numerous ailments requiring multiple medications including: a Nasacort pump for year-round allergies, Lipitor daily for high cholesterol, Lisinopril for high blood pressure, and Tramadol (which he takes twice daily), Robaxin, and Gabapentin (both of which he takes three times a day) for nerve damage, muscle degeneration, and arthritis in his spine (Doc. 1-2, p. 5). His spinal issues are also treated with physical therapy three times a week, a bottom bunk/gallery permit, air/crate mattress, and an abdominal binder/back brace (*Id.*). He also receives a lower spine epidural injection two to three times a year (*Id.*).

But while at Menard, Fletcher-Bey alleges that he has been denied a number of his prescriptions and assistive devices. For example, he alleges has not received his Nasacort prescription in over a year (*Id.*) and went without his Lipitor and Lisinopril prescriptions for 31 days, from May 4, 2023, until June 5, 2023. He submitted numerous grievances, and his family contacted IDOC officials numerous times before he received refills of both medications (*Id.*). He does not currently have access to a back brace/abdominal binder or an air/crate mattress (*Id.* at

pp. 5-6). And he has been refused a bottom bunk/bottom gallery permit and a front cuff/waist chain permit (*Id*. at p. 6).

Fletcher-Bey also alleges that while he has not been completely denied medications, the receipt of those medications is sporadic due to shortages in nursing staff at Menard (*Id*.). As a result, he will go days without his morning medications. In fact, he has currently gone 98 days without his Robaxin prescription (*Id*.).

As to his access to physical therapy, Fletcher-Bey alleges that on January 18, 2023, Nurse Practitioner ("NP") Dearmond scheduled him for physical therapy. When he attended the scheduled therapy session, however, the therapist informed him that Anthony Wills stated he could not attend the sessions. As a result, he was provided only with a print-out of stretches, and his therapy sessions were discontinued (*Id*.).

In early June 2023, Fletcher-Bey sent a request slip to Jillian Crane noting his concerns about inadequate medical treatment, including his lack of access to medications and permits (*Id*. at pp. 7, 18-19). A correctional officer told Fletcher-Bey that Crane received the letter. Fletcher-Bey then submitted the letter as a grievance to warden Anthony Wills (*Id*.). On July 10, 2023, Fletcher-Bey went on furlough to a brain and spine clinic for his regular lower spine epidural injection (*Id*. at p. 6). The neurologist at the clinic informed Fletcher-Bey that an unknown individual from Menard (labeled as John Doe #1) and Jillian Crane instructed the neurologist to delay the injection because the procedure lacked approval from Wexford (*Id*. at pp. 6-7).

Fletcher-Bey also alleges that his allergies and high blood pressure are aggravated by K2 and/or cannabis that is often smoked in his cellhouse (*Id*. at pp. 8, 10). He alleges that he wrote a grievance, which Wills conceded raised valid concerns but still denied (*Id*. at p. 8). Fletcher-Bey also alleges that his high blood pressure is caused by a poor diet and lack of nutrients at the prison (*Id*. at p. 9). He believes that if his nutritional needs were being met, he would not suffer from a

3

number of his conditions (*Id.*). He alleges that he lost 34 pounds in 30 days, suffered from a month-long migraine, developed jaundice, and suffered from fatigue because of his poor diet and lack of proper medications (*Id.* at p. 10). He alleges that the defendants' actions and inactions have caused "nutritional suicide" and high blood pressure (*Id.*). He requested multivitamins as a substitute for the lack of protein in his diet, but his request was denied (*Id.*). He alleges that the defendants are "toying with his health" (*Id.* at p. 11). He also alleges that John Doe #1, Crane, and NP Dearmond interfere with his access to his prescribed medications and, as a result, he has no pain relief (*Id.*). Fletcher-Bey notes that he currently has a grievance before Anthony Wills which he believes that Wills will deny as an act of retaliation. Fletcher-Bey also alleges that he was able to beat an intimidation/threat charge issued by Wills and believes that Wills is trying to get back at him. Wills has denied other grievances submitted by Fletcher-Bey.

Fletcher-Bey alleges that he needs access to a lower spine epidural injection, permits for bottom bunk/gallery, air mattress, and waist chain, his Nasacort allergy pump, multivitamins, physical therapy, a high protein diet, pain medication adjustment, and a transfer to another facility (*Id.* at p. 12).

In addition to his claims regarding medical care, Fletcher-Bey also makes claims about an excessive force incident with correctional officers he identifies as John Doe #2 and John Doe #3. On May 4, 2023, while on institutional lock down, Fletcher-Bey asked a tactical team member to remove a pile of feces and urine that had accumulated in front of his cell (*Id.* at p. 7). The officer refused, and Fletcher-Bey pushed shampoo water into the gallery from his cell in an attempt to get rid of the waste (*Id.*). John Doe #2 and John Doe #3 turned off the plumbing to Fletcher-Bey's cell and then sprayed a chemical agent into his face (*Id.*). While Fletcher-Bey was incapacitated on the floor, chocking and coughing, the officers continued to spray the chemical into his face (*Id.*). They then left him in the cell without running water or medical assistance, despite his pleas

for medical care (*Id.*). Fletcher-Bey contacted family members about the incident, and it was reported to internal affairs, but Fletcher-Bey alleges internal affairs officer John Doe #4 chastised him for "ratting" the officers out (*Id.* at pp. 7-8). Officers in the unit then started referring to him as a "rat" (*Id.* at p. 8). Fletcher-Bey has written numerous grievances about the incident and fears assault by these staff members because he is considered a jailhouse lawyer (*Id.*).

## **Preliminary Dismissals**

Simply put, Fletcher-Bey includes a number of allegations in his Complaint that he fails to tie to a specific defendant. He alleges that he is being denied a healthy diet, is suffering from "nutritional suicide," and suffers from exposure to K2/cannabis, but he fails to allege he has spoken to any of the named defendants about these issues. Thus, any claims related to those conditions are **DISMISSED without prejudice**.

Fletcher-Bay alleges that he has written grievances to Anthony Wills who has denied grievances and/or might deny grievances in the future, but the simple denial of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, his allegations that Wills might be retaliating against him by denying grievances are purely speculative and fail to state a claim. Fletcher-Bey alleges that Wills might deny a grievance currently pending before him, but he does not suggest that the grievance has been denied. Further, he fails to adequately allege that his "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). Instead, he alleges that Wills might deny his grievance because Fletcher-Bey beat a disciplinary charge issued by Wills, which does not appear to be a protected First Amendment activity. Thus, any potential retaliation claim is **DISMISSED without prejudice**.

Fletcher-Bey also identifies NP Dearmond as a defendant but fails to include any allegations against her except for a conclusory statement that she interfered with his access to pain medication (Doc. 1-2, p. 11). For instance, he fails to allege how NP Dearmond denied him access to pain medications. Although he alleges that he went several months without access to certain medications, he fails to allege that he informed NP Dearmond of his lapse in medications or that he specifically asked her to refill his medications. He also alleges that she scheduled him for physical therapy, which does not suggest deliberate indifference on her part. Thus, any claim against NP Dearmond is also **DISMISSED without prejudice**. As to Joleen Klump, he identifies her only in the caption of his Complaint and fails to include any allegations against her in his statement of claim. Thus, any potential claim against Klump is also **DISMISSED without prejudice**.

Finally, Fletcher-Bey fails to state a claim against John Doe #4. He alleges that John Doe #4 investigated the assault by John Doe #2 and John Doe #3 and suggested that Fletcher-Bey "ratted out" the officers. Fletcher-Bey fails to indicate how the investigation or statement violated his constitutional rights. Thus, any claim against John Doe #4 is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Anthony Wills for denying Fletcher-Bey access to physical therapy.

**Count 2:** Eighth Amendment deliberate indifference claim against John Doe #1 and Jillian Crane for delaying Fletcher-Bey's access to his epidural injection, medications, and permits.

> **Count 3:** ADA claim for the failure to honor Fletcher-Bey's permits and provide him with assistive devices.
>
> **Count 4:** Eighth Amendment excessive force claim against John Doe #2 and John Doe #3 for the use of chemical spray on May 4, 2023.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Counts 1, 2, and 3**

At this stage, Fletcher-Bey states a viable claim for deliberate indifference against Anthony Wills in Count 1 and John Doe #1 and Jillian Crane in Count 2. He alleges that Wills specifically told the physical therapist that he could not participate in therapy. Further, he alleges that he wrote a letter to Jillian Crane about his access to medications and permits, which she specifically acknowledged receiving. But Crane failed to obtain needed medical care for him after receiving the note. Further, he also alleges that Crane and John Doe #1 specifically delayed his access to an epidural injection. That is enough to state a claim at this stage.

Fletcher-Bey also states a claim in Count 3 for violations of the ADA, specifically regarding his denial and/or failure to enforce medical permits and assistive devices (Doc. 1-2, p. 10). The claim cannot proceed against the individual defendants, however, because individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Latoya Hughes, the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

current IDOC Director, will be **ADDED** to the case, in her official capacity only, as the proper defendant for Fletcher-Bey's ADA claim.

**Severance of Count 4**

Fletcher-Bey's claim in Count 4 for excessive force against John Doe #2 and John Doe #3 is unrelated to his claims of deliberate indifference and ADA violations. The majority of Fletcher-Bey's Complaint focuses on his lack of access to various medications and medical permits, as well as the delay in receiving an epidural injection. His claims involving the May 2023 chemical attack by two unknown guards are unrelated to his medical claims. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 4 into a separate case and will open a case with a newly assigned case number.

## Pending Motions

Fletcher-Bey's Complaint is also labeled as a Motion for TRO/Preliminary Injunction. He seeks a transfer to another facility and an appointment for his lower spine epidural injection, as well as an MRI and abdominal ultrasound, adequate pain medication, refills of his prescriptions and a multivitamin and enforcement of his permits and access to assistive devices (Doc. 1-2, p. 13). As mentioned above, in addition to his original Complaint and Motion for TRO/Preliminary Injunction (Doc. 1-2), Fletcher-Bey has filed several status updates. On December 4, 2023, Fletcher-Bey filed a status report acknowledging that on November 28, 2023, he received a dose of Lisinopril for his high blood pressure which he had not received since September 30, 2023 (Doc. 10, p. 2). The nurse informed Fletcher-Bey that she had spoken with Wexford's pharmacy about refills for his other medications including Tramadol, Gabapentin, and Robaxin, but the medications had not yet been refilled (*Id.*). Fletcher-Bey noted that there was an extreme nursing staff shortage at Menard that prevents him from attending regular sick-call appointments (*Id.*).

He still lacked access to an air/crate mattress and other medical equipment (*Id*.). Fletcher-Bey also noted that he had requested a transfer and, as a result, his medical hold was lifted. The lifting of the medical hold prohibits him from attending any appointments requiring a medical furlough (*Id*. at p. 3). On January 23, 2024, Fletcher-Bey filed another status report alleging that he was the subject of another staff assault (Doc. 11). On January 29, 2024, Fletcher-Bey filed an additional status report indicating that he had not received a dose of Lisinopril since December 17, 2023 (Doc. 12, p. 1). His last dose of Lipitor was October 22, 2023, and his last dose of Ultram was January 21, 2024 (*Id*.). Fletcher-Bey alleges that he has not received a correct dose of Tramadol and Neurontin in over 11 months (*Id*.). On January 21, 2023, his hearing-impaired alert watch was also confiscated (*Id*. at p. 2).

Given the concerning allegations in his Complaint and status reports, the Court **DIRECTS** Defendants to respond to the allegations and request for injunctive relief.[2] The Clerk of Court is **DIRECTED** to docket a motion for TRO/preliminary injunction as reflected in Fletcher-Bey's Complaint/Motion (Doc. 1-2). Defendants' response is due on or before **February 15, 2024**.

## Disposition

For the reasons stated above, the Court **GRANTS** the motion to amend (Doc. 6) and **SEVERS** Count 4 against John Doe #2 and John Doe #3 into a new case. The Court further **DIRECTS** the Clerk of Court to file the following documents in the new case:

- This Memorandum and Order; and
- The Complaint (Doc 1-2).

---

[2] Latoya Hughes is already in the case in her official capacity for purposes of Fletcher-Bey's ADA claim and remains in the case for purposes of implementing any injunctive relief awarded.

9

As to the remaining claims, Count 1 shall proceed against Anthony Wills. Count 2 shall proceed against John Doe #1 and Jillian Crane. Count 3 shall proceed against Latoya Hughes (official capacity only). All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Anthony Wills, Jillian Crane, and Latoya Hughes (official capacity only):  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Fletcher-Bey. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Fletcher-Bey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Fletcher-Bey, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Fletcher-Bey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 31, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**