**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LAMARR MAXEY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DR. BURRELL (or his estate) and WEXFORD HEALTH SOURCES, INC.,**<br><br>**Defendants.** | **Case No. 24-cv-265-RJD** |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Lamarr Maxey, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while incarcerated at Shawnee Correctional Center. Maxey's allegations regarding the denial of a filling for his tooth were severed from Maxey's previous Complaint in *Maxey v. Wexford Health Sources, Inc.*, Case No. 23-cv-3491-GCS.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

The allegations that form the basis of Maxey's claims in this severed case were set forth in Magistrate Judge Gilbert C. Sison's Order of February 2, 2024 (Doc. 1). As it relates to Maxey's dental claim, he alleges that on October 21, 2021, he saw dentist Dr. Burrell after a 46-day wait for an appointment (*Id*. at p. 4). Although Maxey pointed out a missing filling, Dr. Burrell told him it could not be filled at the appointment and put Maxey on a waiting list for a filling (*Id*.). Maxey saw Dr. Burrell at least five times during 2022, but Dr. Burrell still refused to fill the tooth. Dr. Burrell noted that Maxey's appointments were for fittings for a partial and Dr. Burrell was not doing fillings at that time (*Id*.). Maxey notes that Dr. Burrell later died, and Maxey never received a filling (*Id*.). After Dr. Burrell's passing, Maxey learned from a dental hygienist that there was no full-time dentist at Shawnee Correctional Center. The nurse was not able to provide Maxey with pain medication for his tooth nor was she able to give him a date certain for his filling (*Id*.). Maxey was unable to receive a filling until March 26, 2023, when Shawnee was visited by a "traveling dentist" (*Id*.). Maxey alleges that Dr. Burrell, prior to his death, delayed Maxey's filling despite his continued complaints of pain (*Id*.). He also alleges that Wexford Health Sources, Inc. had a policy and/or practice of refusing to employee a full-time dentist, further delaying his care.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Dr. Burrell for the delay in filling Maxey's tooth.**

**Count 2:** **Eighth Amendment claim against Wexford Health Sources, Inc. for having a policy and/or practice of failing to staff a full-time dentist at Shawnee Correctional Center.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Maxey alleges a viable deliberate indifference claim in Count 1 against Dr. Burrell. Maxey alleges that Dr. Burrell delayed filling Maxey's tooth for over a year, causing Maxey additional pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

Maxey also states a claim in Count 2 against Wexford for its practice of lacking a full-time dentist at Shawnee. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation).

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Burrell (or his estate) and Count 2 shall proceed against Wexford Health Sources, Inc.

The Clerk of Court shall prepare for Defendants Dr. Burrell (or his estate) and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Maxey. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Maxey, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. For Dr. Burrell, the employer shall indicate whether an estate has been opened or, if possible, the identity of a special representative that can be substituted in place of the deceased defendant. This information shall be used only for sending the forms as directed above or for formally effecting service. Any

documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Maxey, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Maxey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/30/2024**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**